IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R CONKLIN, III,      )<br>             Plaintiff         )<br>                                      )<br>       v.                              )<br>                                      )<br>STATE CORRECTIONAL     )<br>INSTITUTION AT ALBION  ) | C.A. No. 10-118 Erie<br><br>Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.   INTRODUCTION

### A.   Relevant Procedural and Factual History

On May 14, 2010, Plaintiff Donald R. Conklin, III, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, initiated this *pro se* civil rights action under 42 U.S.C. § 1983, against Defendants SCI-Albion and the Wayne County Domestic Relations Office ("Wayne County").  Plaintiff alleges that Defendant SCI-Albion violated his Fourteenth Amendment due process rights by deducting monies from his prison account to pay child support arrearages due Wayne County without conducting a pre-deprivation hearing. (ECF No. 4, Complaint, at Section IV.C).  In addition, Plaintiff alleges that Defendant Wayne County "induce[d] a court order of support in violation of PA.R.C.P. 1910.19(f)." (Id.).  As relief for his claims, Plaintiff seeks injunctive relief and monetary damages.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 2, 13].

Defendant SCI-Albion has filed a motion to dismiss complaint [ECF No. 9] arguing, alternatively, that: (i) Plaintiff's claim is barred by the Eleventh Amendment; (ii) Plaintiff has failed to exhaust his administrative remedies; and (iii) Plaintiff's claim is barred by the Rooker-Feldman doctrine.[2] Despite having had ample time to do so, Plaintiff has failed to file a response to this motion. This matter is now ripe or consideration.

**B.  Standards of Review**

  **1.  Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual

---

[2] Defendant Wayne County has not filed any response to Plaintiff's complaint, and no appearance has yet been entered by an attorney on its behalf, even though the docket reflects that said Defendant was served on or about July 26, 2010.

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

3

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. Eleventh Amendment

Defendant SCI-Albion contends that Plaintiff's claim against it must be dismissed because it is entitled to immunity under the eleventh amendment to the United States Constitution. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)

4

(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the Department of Corrections, which administers all state correctional institutions including SCI-Albion, is an agency or arm of the Commonwealth of Pennsylvania and is, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009)(DOC). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Moreover, as a state agency, Defendant SCI-Albion is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claim against Defendant SCI-Albion must be dismissed.

Defendant further submits that allowing Plaintiff to amend his complaint to name individual staff members of SCI-Albion would be futile because he has failed to exhaust his administrative remedies, and the Court is precluded from exercising jurisdiction over the issues raised in this case, in any event. These alternative arguments will be addressed in turn.

### 2.     The Exhaustion Requirement

Defendant SCI-Albion argues that Plaintiff's claim against it and/or any of its staff

members should be dismissed and/or disallowed due to Plaintiff's failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[3]

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required

---

[3] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[4] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that c1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

exhaustion").[5]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

The DC-ADM 804 grievance system, available to state prisoners, consists of three

---

[5]

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

Here, Defendant has submitted the Declaration of Melinda Adams, Superintendent's Assistant at SCI-Albion, who declares that "[Plaintiff] has never filed a grievance about his Court-Ordered Child Support Obligations." (ECF No. 9-1, Declaration of Melinda Adams, at ¶ 4). As Plaintiff has failed to file any response to Defendant's motion to dismiss, Ms. Adams' declaration in this regard is unopposed. Thus, the Court finds that Plaintiff has failed to exhaust his administrative remedies with regard to any issue raised in this case, and is now procedurally defaulted from doing so.

### 3. Rooker-Feldman Doctrine

The third alternative argument raised by Defendant SCI-Albion in its motion to dismiss is that the Rooker-Feldman abstention doctrine precludes this Court from exercising jurisdiction over the issues raised in this case. The Court agrees with this argument as well.

Under the Rooker-Feldman doctrine,[6] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate

---

[6] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).

Here, it is evident that Plaintiff's claims implicate the validity of, and are inextricably intertwined with, previous state court rulings on his child support obligations. In short, the relief requested by Plaintiff, i.e., the cessation of child support payments from his prison account, would render the state court's decisions "ineffectual." This the Court cannot do. Rooker, 263 U.S. at 415-16 (1923); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 281 (2005) (affirming that Rooker- Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments").

Based on the foregoing, this Court lacks subject matter jurisdiction to consider Plaintiff's claim against Defendant SCI-Albion, and such claim must be dismissed for this reason, as well.

### 4. PLRA

The PLRA allows the Court to dismiss certain claims *sua sponte*, under the following conditions:
> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act

codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e©, the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[7]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e© the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

Here, although Defendant Wayne County has not filed any response to Plaintiff's complaint, this Court has already determined that it is precluded from exercising jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine, because he seeks relief that would render the state court's child support decisions "ineffectual." Furthermore, this Court is precluded from granting the relief Plaintiff seeks by the "domestic relations exception" to federal jurisdiction,

---

[7] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

which divests federal courts of the power to issue rulings regarding divorce, alimony, and child support and custody matters.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992).  For these reasons, Plaintiff's claim against Defendant Wayne County will also be dismissed.

      An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R CONKLIN, III,    ) | |
|           Plaintiff    ) | C.A. No. 10-118 Erie |
|                        ) | |
| v.                     ) | |
|                        ) | Magistrate Judge Baxter |
| STATE CORRECTIONAL    ) | |
| INSTITUTION AT ALBION    ) | |

### **ORDER**

AND NOW, this 26<u>th</u> day of August, 2011,

IT IS HEREBY ORDERED that Defendant SCI-Albion's motion to dismiss complaint [ECF No. 9] is GRANTED.

IT IS FURTHER ORDERED that, pursuant to this Court's authority under the Prison Litigation Reform Act, 28 U.S.C.A. § 1915A, Plaintiff's claim against Defendant Wayne County is dismissed, *sua sponte*, due to this Court's lack of jurisdiction.

The Clerk is directed to mark this case closed.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge